UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| ALLEN LUU, ) | Case No. |
| ) | |
| Plaintiff, ) | **PLAINTIFF'S COMPLAINT FOR** |
| ) | **DAMAGES and JURY TRIAL DEMAND** |
| v. ) | **(Telephone Consumer Protection Act** |
| ) | **Violations)** |
| ELAN FINANCIAL SERVICES, IBC ) | |
| BANK, and DOES I-X, ) | |
| ) | |
| Defendant. ) | |

# COMPLAINT

ALLEN LUU ("Plaintiff"), by his attorneys, alleges the following against ELAN FINANCIAL SERVICES, IBC BANK, and DOES I-X, ("Defendants"):

1. Plaintiff brings this action on behalf of himself individually seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendant, in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act (hereinafter "TCPA"), 47 U.S.C. § 227 et seq., and the Texas Fair Debt Collection Practices Act (hereinafter "TFDCPA"), Tex. Fin. Code § 392.001 et. seq.

## JURISDICTION AND VENUE

2. Defendant is headquartered in the state of Texas, and therefore, personal jurisdiction is established. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 47 U.S.C. §227(b)(3). See, Mims v. Arrow Financial Services, LLC, 565 U.S. 368 (2012), holding that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA and 28

U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained herein.

4. Venue is proper in the United States District Court for the Southern District of Texas pursuant to 28 U.S.C § 1391(b) because Defendants' headquarters are located within this District.

## PARTIES

5. Plaintiff is a natural person residing in the county of Tulsa, in the city of Tulsa, Oklahoma.

6. Defendant One (1), ELAN FINANCIAL SERVICES, is a corporation with its headquarters in Irving, Texas.

7. Defendant Two (2), IBC BANK, also known as International Bank of Commerce, is headquartered in Laredo, Texas.

8. Mr. Luu is ignorant of the true names and capacities of defendants sued herein as DOES I through X, inclusive, and therefore sues these defendants by such fictitious names. Mr. Luu will amend this complaint to allege their true names and capacities when ascertained.

9. Mr. Luu is informed and believes and thereon alleges that, at all times herein mentioned, each of the defendants sued herein was the agent and employee of each of the remaining defendants and was at all times acting within the purpose and scope of such agency and employment.

## FACTUAL ALLEGATIONS

10. Defendant placed collection calls to Plaintiff seeking and attempting to collect on alleged debts owed by Plaintiff.

11. Defendants placed collection calls to Plaintiff's cellular telephone at phone number (918) 814-72XX.

12. Defendants placed collection calls to Plaintiff from phone numbers including, but not limited to, (877) 838-4347.

13. Per its prior business practices, Defendant's calls were placed with an automated telephone dialing system ("auto-dialer").

14. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1) to place its telephone calls to Plaintiff seeking to collect a consumer debt allegedly owed by Plaintiff, ALLEN LUU.

15. Defendant's calls did not constitute calls for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

16. Defendant's calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

17. Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

18. On April 5, 2017, Plaintiff called into Defendants companies at phone number (877) 838-4347. Plaintiff spoke with Defendants' female representative and requested that Defendants cease calling Plaintiff's cellular phone.

19. During the conversation on April 5, 2017, Plaintiff gave Defendant the last four digits of his social security number, and his full cellular telephone and mailing address to assist Defendants in accessing his accounts before asking Defendants to stop calling his cellular telephone (918) 814-72XX.

20. Plaintiff revoked any consent, explicit, implied, or otherwise, to call his cellular telephone and/or to receive Defendants' calls using an automatic telephone dialing system in his conversation with Defendants' representative on April 5, 2017.

21. Despite Plaintiff's requests to cease, Defendant continued to place collection calls to Plaintiff after April 5, 2017.

22. Despite Plaintiff's April 5, 2017 request that Defendants cease placing automated collection calls, Defendants placed at least one hundred and ninety-two (192) automated calls to Plaintiff's cell phone after April 5, 2017.

**FIRST CAUSE OF ACTION**
**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227**

23. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-22.

24. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

25. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

26. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

///

///

///

///

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 et. seq.

27. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-22.

28. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

29. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

30. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## THIRD CAUSE OF ACTION
## DEFENDANT VIOLATED THE TFDCPA
## TEX. FIN. CODE § 392.001 et. seq.

29. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-22.

30. Defendant violated the Texas Fair Debt Collection Practices Act, Tex. Fin. Code § 392.302(4). Defendant's violations of TFDCPA include, but are not limited to the following:

   a. Defendant violated TFDCPA, Tex. Fin. Code § 392.302(4) by causing Plaintiff's telephone to ring repeatedly or continuously and making repeated or continuous telephone calls, with the intent to harass Plaintiff at the called number.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ALLEN LUU, respectfully requests judgment be entered against Defendant, ELAN FINANCIAL SERVICES, IBC BANK, for the following:

## FIRST CAUSE OF ACTION

29. For statutory damages of $500.00 multiplied by the number of TCPA violations alleged herein (192): $96,000.00.

30. Actual damages and compensatory damages according to proof at time of trial;

## SECOND CAUSE OF ACTION

31. For statutory damages of multiplied by the number of TCPA violations alleged herein (192): $288,000.00;

32. Actual damages and compensatory damages according to proof at time of trial;

## THIRD CAUSE OF ACTION

33. Declaratory judgment that Defendant's conduct violated the Texas Fair Debt Collection Practices Act;

34. Statutory damages of $100.00;

35. Actual damages and compensatory damages according to proof at time of trial.

36. Litigation costs and reasonably billed attorney's fees after a trial on the merits.

## ON ALL CAUSES OF ACTION

37. Actual damages and compensatory damages according to proof at time of trial;

38. Costs and reasonable attorneys' fees;

39. Any other relief that this Honorable Court deems appropriate.

///
///
///
///
///
///

PLAINTIFF'S COMPLAINT

## JURY TRIAL DEMAND

40. Plaintiff demands a jury trial on all issues so triable.

RESPECTFULLY SUBMITTED,

Dated: June 5, 2018          By: */s/ Peter Cozmyk*
Peter Cozmyk
Attorney for Plaintiff, Allen Luu
COZMYK LAW OFFICES, LLC
600 Oak Tree Blvd., Ste. 200
Independence, OH 44131
P: (877) 570-4440
F: (216) 485-2126
E: pcozmyk@cozmyklaw.com